UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS WRIGHT FAULTRY<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §§§§§§§§§§§§§§ CIVIL ACTION NO. 4:05-cv-109 |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner's Amended Motion to Vacate Sentence under 28 U.S.C. § 2255. For the following reasons, Petitioner's motion (Docket No. 115) is **DENIED**.

On September 21, 2006, Petitioner pled guilty to one count of Possession of a Firearm in Furtherance of the Commission of a Drug Trafficking Crime, in violation of 18 U.S.C. 924(c)(1)(A). Page five of Petitioner's Plea Agreement provides in bold-face font: "[T]he defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. §§ 1651, 2241, and 255." (Plea Agreement 3.) "Generally, 'an informed and voluntary waiver of post-conviction relief is effective to bar such relief.'" *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir.1994)). Even a claim based on the Sixth Amendment right to effective assistance of counsel may be waived by such a provision unless "the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Petitioner lists a series of grounds in support of his motion. All but one —his claim that the plea agreement was entered into "unknowingly, unwillingly, and unvoluntarily [sic] based on misleading and erroneous information and advocacy of his counsel given to petitioner before the plea"—are waived by the Plea Agreement. *See Del Toro-Alejandre*, 489 F.3d at 723 (holding that a district court may enforce a Section 2255 waiver provision sua sponte). The motion and records conclusively show, however, that Petitioner is not entitled to relief on this claim. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir.1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").

Petitioner's claim that ineffective assistance of counsel affected his decision to enter into the Plea Agreement centers on a series of events surrounding a search and arrest warrant. Petitioner maintains that the police never showed him a warrant the day that they searched his home and placed him under arrest. Petitioner also received a series of correspondence about the warrant from the City of Houston prior to entering his plea. Petitioner first received a letter dated May 16, 2006 from the City of Houston Municipal Courts Administration Department stating that the City had completed a search of the HMCJIS database and "no warrant or pending case was found" in Petitioner's name. (Ex. 1.) In a separate letter, however, also dated May 16, 2006, the City of Houston advised Petitioner that the initial record check "neglected to investigate further within the Judicial Department, where it has been found that a search and arrest record was issued on 6/23/2004." (Ex. 2.) The record accompanying the pending motion also includes a handwritten document—presumably also provided to Petitioner by the City of Houston—reflecting that, on June 23, 2004, Judge Han issued a warrant for 3453 Mt. Pleasant St., Petitioner's former address. (Ex. 2.) Petitioner obtained yet another letter from the City of

Houston Municipal Courts Administration Department dated September 15, 2006, again stating that "no warrant or pending case was found" in his name. (Ex. 3.) Although these letters seem to have led Petitioner to suspect that no warrant had ever been issued, a letter from Petitioner's former counsel, Mr. Kenneth McGuire, clarifies:

> I indicated to you before your entry of a guilty plea that I had obtained a certified copy of the warrant from the Harris County Municipal Court's Administrative Judge's office, where I personally reviewed the original file where the warrant issuance and return were recorded in their records. Based on seeing this original copy with Judge Han's original signature in ink in their file, it is my opinion that there was a properly signed search and arrest warrant by a court with authority to issue the combined warrant.

(Ex. 6.)[1]

After his plea, Petitioner apparently once again began to question whether a warrant had issued. The record shows that he received another letter from the City of Houston dated October 10, 2006 stating that Petitioner had "no *pending* cases or warrants with the City of Houston." (Ex. 4 (emphasis added).) Petitioner also received a letter dated November 17, 2006 from the City of Houston which explained that the October 10, 2006 letter was correct and that "the only correspondence found in error was the letter dated May 16, 2006." (Ex. 5.) The November 17th letter also explained: "[u]pon further investigation the unvarying search and arrest record issued on June 23, 2006 as referenced in all correspondence has been found to be with the Harris County District Clerk's Office and not with the City of Houston Municipal Court."[2] (*Id.*) Although the November 17th letter once again confirmed that a search warrant had issued, the correspondence convinced Mr. Faultry that there had never been a search and arrest warrant. As a result, on December 5, 2006, Petitioner filed a Motion for Withdrawal of Plea.

---

[1] Petitioner attached a copy of this letter in his submissions to this court. The Court concludes that Petitioner, who has substantial experience with criminal defense counsel, intended to waive the attorney-client privilege, at least to this letter.

[2] The November 17th letter unfortunately refers to the date of the warrant as June 23, 2006, instead of June 23, 2004, but then says "as referenced in all correspondence." The 2006 date is clearly a typographical error.

The Court held a hearing on Petitioner's Motion for Withdrawal of Plea on January 25, 2007. That same day, Petitioner also filed a motion to discharge his attorney, Mr. Kenneth McGuire, alleging, *inter alia*, Mr. McGuire's failure to investigate the filing and issuance of the warrant. At the hearing, the Court entertained many of the same arguments that Petitioner presents in the pending motion, and Mr. McGuire confirmed that he had personally seen the original signed copy of the warrant before Petitioner entered his plea.

Petitioner now argues that Mr. McGuire's alleged failures regarding the search warrant led him to accept his plea under false pretenses. Petitioner claims that he agreed to the plea "based on misleading and erroneous information" provided to him by counsel. Petitioner believes he was "lied to, deceived, tricked, mislead [sic] and defrauded" by his lawyer, presumably because Mr. McGuire informed him, prior to the plea, that there was, in fact, a valid search and arrest warrant. According to Petitioner, Mr. McGuire failed to investigate fully whether a warrant existed, and Petitioner would not have entered the plea "had he known or been informed that there was doubt and error about the warrant."

None of the evidence in the record indicates that a valid search and arrest warrant did not exist or that Petitioner's attorney should have done anything further to investigate the matter. The record shows that Mr. McGuire did investigate the issue of the warrant, satisfying himself that a valid warrant had issued by inspecting the original copy of the warrant at the Harris County Municipal Court's Administrative Judge's office. Although the letters Petitioner received from the City of Houston after entering his plea are not a model of clarity, none provides any evidence that the warrant did not exist. The October, 10, 2006 letter states that no *pending* warrants were in effect against Petitioner at the time. The June 23, 2004 warrant, of course, no longer would have been pending as of October 10, 2006. The November 17, 2006

letter acknowledges an error in the May 16, 2006 letter, but again confirms that a search and arrest record was found at the Harris County District Clerk's Office.

There is nothing to suggest that Mr. McGuire's performance fell below an objective standard of reasonableness. *See, e.g.*, *United States v. Culverhouse*, 507 F.3d 888, 895 (5th Cir. 2007). Petitioner's conclusory allegation that Mr. McGuire's duplicity affected the voluntariness of his plea does not require this court to cause notice to be served on the United States attorney or to conduct an evidentiary hearing. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007); 28 U.S.C. §2255(b).

Petitioner's Motion to Vacate Sentence, Docket No. 115, is, therefore, **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 20 day of February, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT